UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN LUIS BARRERA RODRIGUEZ (A No. 206 149 268),<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | No.  1:26-cv-2149 DJC CKD P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, detained by the Immigration and Customs Enforcement Agency (ICE) at the California City ICE Detention Facility (ECF No. 1 at 2), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking release.[1]   For the reasons which follow, the court recommends that the petition be denied.

I.  Facts

Petitioner, a citizen of Mexico, ECF No. 1 at 5, entered the United States in the mid-1990s.  ECF No. 3-1 at 2.  Petitioner has been subject to a final order of removal since 2014.

/////

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

ECF No. 1 at 2.  As of March 27, 2014, petitioner was free from custody pursuant to an order of supervision.  ECF No. 1 at 2; 10-1 at 1.

On February 16, 2026, petitioner appeared at an ICE office in San Francisco as ordered to do so in a notice dated January 15, 2026.  ECF No. 12 at 10.  When petitioner arrived, his release was revoked pursuant to 8 C.F.R. § 241.4(l) as it had been determined that the "purposes of release have been served."  ECF No. 10-1.  Petitioner was provided an informal interview where he could respond to the reasons given for revocation.  ECF No. 10-1 at 2.  Petitioner elected not to respond.  ECF 10-1 at 3.  On February 19, 2026, petitioner was also provided with a notice of imminent removal pursuant to 8 C.F.R. § 241.4(g)(4).  ECF No. 10-1 at 4.  In that document, petitioner was informed that travel documents to effect petitioner's removal had been obtained, ICE expected that petitioner would be removed in February, and that petitioner would remain in custody pending removal.

Petitioner has provided evidence indicating he suffers from significant health issues; the severity of which at present are not clear.  For instance, it is not clear if petitioner is significantly mobility-impaired.  ECF No. 3-1.

On April 8, 2026, respondents informed the court that petitioner had not yet been removed because petitioner has a "severe medical condition that requires continuity of care in Mexico" and that "medical coordination is still pending."  In a document filed May 6, 2026, counsel for respondent indicated petitioner would be removed on May 10, 2026.  On May 11, 2026, petitioner's counsel informed the court via email that petitioner still had not been removed.

II.  Standard for Habeas Relief

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive

detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

III. Analysis

As indicated above, despite being subject to a final order of removal, petitioner had been free from custody under a grant of supervision pursuant to 28 U.S.C. § 1231(A)(3). Petitioner's supervision was revoked pursuant to 8 C.F.R. § 241.4(l)(i). That regulation reads as follows:

> The Executive Associate Commissioner shall have authority, in the exercise of discretion, to revoke release and return to Service custody an alien previously approved for release under the procedures in this section. A district director may also revoke release of an alien when, in the district director's opinion, revocation is in the public interest and circumstances do not reasonably permit referral of the case to the Executive Associate Commissioner. Release may be revoked in the exercise of discretion when, in the opinion of the revoking official . . . the purposes of release have been served[.]

Petitioner's release was revoked by Field Office Director Sergio Albarran. ECF No. 10-1 at 2. Under 8 C.F.R. § 1.2, after March 1, 2003, a Field Office Director such as Mr. Albarran has the authority delegated to "Deputy Director."

The following appears under Mr. Albarran's signature on the revocation order: "(Note: 8 C.F.R. § 241.4 revocation must be EAD or FOD where there is a public interest to do so and referral to EAD not reasonable[.]" ECF No. 10-1 at 2.

A review of the Department of Homeland Security (DHS) website indicates there are no longer any Executive Associate Commissioners at DHS or ICE. There are Executive Associate Directors, thus the reference to "EAD" and not "EAC" in the revocation order.

While the "Note" appearing on the form could be more clear, the court finds that it is sufficient to amount to an affirmation by FOD Albarran that revocation of petitioner's supervision was in public interest and only revoked by him because referral to the EAD was not reasonable under the circumstances. In support of the finding that revocation was in the public interest, the court notes that Supreme Court has held that "[t]here is always a public interest in prompt execution of removal orders: The continued presence of an alien deemed removable . . . permits and prolongs a continuing violation of United States law. Nken v. Holder, 566 U.S. 418, 436

(2009) (internal quotations omitted).  Furthermore, the interest in prompt removal is heightened if as here, the alien is particularly dangerous.  Since 2004, petitioner has sustained several criminal convictions, most of which have been for driving under the influence with the most recent conviction being entered December 1, 2025.  ECF No. 10-2.

In the revocation order, FOD Albarran found that the purposes of release had been satisfied.  When read in conjunction with the notice to petitioner that a travel document had been obtained and removal was imminent, it is clear those two facts rendered release no longer appropriate.[2]

The court notes that under 8 C.F.R. § 241(l)(3), Ice must generally provide "custody review" within three months of revocation of supervision.  However, ICE is not required to conduct a custody review under these procedures when ICE notifies the alien, as they did here, "that it is ready to execute an order of removal." 8 C.F.R. § 241.4(g)(4).  That being said, indefinite detention violates the Due Process Clause.  Zavydas, 533 U.S. at 690.  At some point, most likely six months, petitioner would be entitled to be released upon a showing that there is not a significant likelihood of removal in the reasonably foreseeable future.  Id. at 701.

In light of the foregoing, the court finds that petitioner was afforded all process due under federal statutes and regulations and petitioner has not made a showing that the statutes and regulations are Constitutionally deficient either facially or as applied to petitioner.[3]

Finally, the court notes that in his petition, petitioner asserts his current detention is pursuant to 28 U.S.C. § 1226(a) which would entitle petitioner to a bond hearing resulting in release upon a finding that petitioner is neither dangerous, nor a flight risk.  ECF No. 1 at 3. Petitioner fails to point to any law that supports this.  Non-citizens such as petitioner subject to a final order of removal may be granted supervision under 28 U.S.C. § 1231(A)(3) "under regulations prescribed by the Attorney General."  Regulations including 8 C.F.R § 241.4(l)

---

[2] It also would have been appropriate to revoke supervision under 8 C.F.R. § 241.4(l)(iii) in order to enforce the order of removal.

[3] Petitioner asserts the revocation of his supervision violates the Due Process Clause considering petitioner's health issues.  ECF No. 1 at 10.  Petitioner does not elaborate and it is his burden to establish a basis for habeas corpus relief.

concern when and how supervision granted under 28 U.S.C. § 1231(A)(3) can be revoked and the process afforded following revocation.

IV.  Conclusion

For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.  The petition for writ of habeas corpus (ECF No. 1) be DENIED; and

2.  This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 7 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within 7 days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 12, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
rodr2149.imm.frs

5